[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-16084
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 30, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:11-cr-20061-JLK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARIA BAKSH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(May 30, 2012)

Before BARKETT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Maria Baksh appeals her 24-month sentence, imposed after she pleaded

guilty to conspiracy to commit bank fraud, in violation of 18 U.S.C. §§ 371 and 1344. After a thorough review of the record, we affirm.

Baksh was indicted for conspiracy to commit bank fraud and two counts of bank fraud in connection with the submission of false documents used to obtain commercial lines of credit (CLOC) from Wells Fargo Bank. Baksh pleaded guilty to the conspiracy count[1] and admitted that she agreed to fraudulently obtain CLOCs totaling about $870,000 from Wells Fargo in the name of a non-existent business and then used the funds for personal gain.

The probation officer calculated the advisory guideline range as 24 to 30 months given the amount of money involved and Baksh's acceptance of responsibility. *See* U.S.S.G. §§ 2B1.1(a)(2), (b)(1)(H), 3E1.1. Baksh did not object to the calculations, but advised the court that her involvement with the fraud and a related Ponzi scheme, for which she was not charged, were minimal.[2] She denied any knowledge of, or involvement in, the Ponzi scheme and stated that her involvement in the conspiracy was the result of her complete trust in her CPA, co-conspirator Berta Sanders. She requested a downward variance and asked the

---

[1] Under the terms of the agreement, neither party could request a sentencing departure, but could request a variance under 18 U.S.C. § 3553(a).

[2] Many of the codefendants used the funds obtained from the bank fraud to invest in the Ponzi scheme. Baksh did not.

court to impose a sentence of supervised release with home detention based on her history and characteristics, her minimal role in the fraud, and because it was necessary to avoid a sentencing disparity. The government repeatedly stated that it recommended a sentence at the low end of the guideline range, but that it could understand how a variance could be justified under the facts of the case.

The district court considered Baksh's arguments in favor of the variance and addressed the sentences imposed on the co-conspirators involved in the bank fraud and Ponzi scheme. The court noted Baksh's difficult personal history and weighed it against the seriousness of the offense. The court expressed concern over the "rampant fraud that is existent in this community, and this state" and concluded that this outweighed Baksh's personal factors. Accordingly, the court sentenced Baksh to 24 months' imprisonment, which represented the low end of the advisory guideline range, followed by 3 years' supervised release, and ordered restitution in the amount of $836,200. This is Baksh's appeal.

Baksh argues that her sentence was procedurally unreasonable because the district court failed to consider the § 3553(a) factors that were favorable to her, and substantively unreasonable because of the unwarranted sentencing disparity between her sentence and her co-conspirators' sentences.

We review the reasonableness of a sentence under a deferential abuse-of-

3

discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The party challenging the sentence has the burden of establishing that the sentence was unreasonable. *See United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S.Ct. 1813 (2011).

In reviewing the reasonableness of a sentence, we conduct a two-step review, first ensuring that the sentence was procedurally reasonable, meaning the district court (1) properly calculated the guideline range, (2) treated the guidelines as advisory, (3) considered the § 3553(a) factors, (4) did not select a sentence based on clearly erroneous facts, and (5) adequately explained the chosen sentence. *Gall*, 552 U.S. at 51. The district court need not explicitly articulate that it has considered the § 3553(a) factors and need not discuss each factor as long as the record indicates that the court considered the factors in some form. *See United States v. Dorman*, 488 F.3d 936, 944 (11th Cir. 2007). The sentencing judge need only "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking authority." *United States v. Flores*, 572 F.3d 1254, 1270-71

(11th Cir. 2009) (internal citation omitted).

Once we determine that a sentence is procedurally sound, we must examine whether the sentence was substantively reasonable in light of the record and the § 3553(a) factors. *Gall*, 552 U.S. at 51, 56. The district court is required to impose a sentence that is "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

Although § 3553(a)(6) requires the court to avoid unwarranted sentencing disparities, concerns about disparate sentences among co-conspirators are not implicated where the appellant and her codefendants are not similarly situated. *See United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008). We have stated that "[d]isparity between sentences imposed on codefendants is generally

not an appropriate basis for relief on appeal." *United States v. Regueiro*, 240 F.3d 1321, 1325-26 (11th Cir. 2001).

"The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *Williams*, 526 F.3d at 1322 (internal quotation marks and alteration omitted). We will not reverse unless we are "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). We cannot say that a district court abused its discretion simply because we would have imposed a different sentence. *Irey*, 612 F.3d at 1189.

Upon review, we conclude that Baksh has not demonstrated that her sentence was procedurally unreasonable. The district court was not required to specifically discuss each § 3553(a) factor, and it set forth enough to show us that it had considered the parties' arguments and had a reasoned basis for its decision. *Flores*, 572 F.3d at 1270-71; *Dorman*, 488 F.3d at 944. The district court specifically discussed certain § 3553(a) factors and concluded that, in light of the rampant bank fraud, the seriousness of the offense outweighed Baksh's personal difficulties. On this basis, the court found that a guideline sentence was

6

appropriate.

Baksh's sentence was also substantively reasonable. We give deference to the district court's weighing of the § 3553(a) factors. *See Pugh*, 515 F.3d at 1191. The need to avoid unwarranted sentencing disparities is just one factor for the district court to consider in determining what is a reasonable sentence. *See* 18 U.S.C. § 3553(a).

Here, after considering the sentences imposed on the co-conspirators, and explaining that the others were not similarly situated to Baksh, the district court specifically stated that it was not giving the sentencing-disparity factor much weight. The district court then indicated that it had considered the other § 3553(a) factors. Thus, contrary to Baksh's argument, the court did not unduly rely on only one factor, and there is nothing to indicate that the district court made a clear error of judgment in determining that the seriousness of Baksh's offense outweighed her past personal difficulties. Additionally, Baksh's sentence was well below the statutory maximum of five years' imprisonment, a factor that indicates its reasonableness. *See United States v. Winingear*, 422 F.3d 1241, 1246 (11th Cir. 2005).

We note that the government repeatedly stated that it could understand why the court would vary downward. But the fact that we might have imposed a lesser

7

sentence does not render the sentence unreasonable. *Irey*, 612 F.3d at 1189. We therefore conclude that Baksh's sentence, at the low end of the advisory guideline range, is both procedurally and substantively reasonable.

**AFFIRMED.**